Stewart, J.
The facts in the present case are all stipulated. The taxpayer filed, for the tax year 1950, a consolidated inter-county personal property tax return for itself and its subsidiaries in Ohio, including National Distillers Chemical Corporation. The latter corporation, a wholly-owned subsidiary of the taxpayer, was organized under the laws of Delaware in 1949, and was licensed in Ohio on January 14, 1949, under the Foreign Corporation Act.
During 1949 the latter subsidiary of the taxpayer acquired land in Ashtabula county for the purpose of constructing a plant for the production of sodium and chlorine.
*371 The construction, of the buildings for such plant was commenced on April 1, 1949, and the buildings were still under construction and the plant was not in operation during the calendar year 1949 or on tax listing day, January 1, 1950, the manufacturing operations in such plant not beginning until June 5, 1950.
On tax listing day, January 1, 1950, National Distillers Chemical Corporation owned and had in its possession in its plant being erected in Ashtabula county certain machinery and equipment which were in process of construction and erection for use in the plant when it would be in operation. It is the assessment by the commissioner of this machinery and equipment in process of construction which created the controversy in the present case.
There is no controversy between the taxpayer and commissioner as to the question presented to us for our decision. That question is: Does machinery and equipment in process of construction and erection for use in a manufacturing plant, likewise in process of construction and erection, which machinery, equipment and plant are not yet in operation or capable of being operated, constitute personal property “used in business” as defined in Section 5325-1, General Code?
Section 5325-1, General Code, reads in part as follows :
“Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying" on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products or merchandise * *
There is no contention in this case that the machinery and equipment in process of construction and erec *372 tion were employed or utilized in connection with ordinary or special operations or that they came under the provision of Section 5325-1, General Code, as being-stored or kept on hand as material, parts, products or merchandise. It is agreed that the latter provision refers to stored parts, inventory, and things of that nature.
It is claimed by the commissioner that the property with which we are concerned should be taxed as property acquired or held as means or instruments for carrying on the business, and that the decision of this court in the case of Standard Oil Co. v. Glander, Tax Commr., 155 Ohio St., 61, 98 N. E. (2d), 8, authorizes the taxing of such property as personal property “used in business.”
In the Standard Oil case, machinery and equipment designed for the production of gasoline, which were in process of construction and erection as an addition to an operating oil refinery, were held to constitute a part of “a plant capable of operation,” and subject to taxation by virtue of the provisions of Section 5325-1, General Code.
In that case, two members of this court separately concurred upon the theory that the machinery and equipment were taxable as personal property “acquired or held as means or instruments for carrying on the business,” although they doubted that the unfinished machinery and equipment constituted a part of a plant capable of operation.
The commissioner argues that in the Standard Oil case, although the court held that the unfinished machinery and equipment constituted a part of a plant capable of operation, it did not deny the ground upon which the two separately concurring members of the court based their opinion. The commissioner, therefore, argues that the machinery and equipment in the present case, although in process of construction, were *373 taxable as property ‘ ‘ acquired or held as means or instruments for carrying on the business.”
It must be remembered that in the Standard Oil case there ivas an operating business, and, therefore, machinery and equipment, even in the process of construction, constituted property acquired for carrying on that business.
In the present case, however, on tax listing day in 1950 there was no operating business or any plant in which it was possible to have an operating business. If there was no business it seems to us it would be fantastic to assert that there could be property acquired for carrying on the business. If the manufacturing plant had been capable of operation, then any property kept and maintained as a part of it or acquired or held as means or instruments for carrying on its operation would be taxable whether or not the plant was actually in operation.
As we have stated, it would be a weird concept to declare that property was acquired or held as means or instruments for carrying on the business, or was kept and maintained as a part of a plant capable of operation, when there was no business, no plant, and no capacity for operation.
The present case is in no respect similar to the Standard Oil case, since in that case there was an operating plant.
The machinery and equipment with which the present case is concerned were not taxable as personal property “used in business” on January 1, 1950, and the decision of the Board of Tax Appeals is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.